# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA KANE,<br><br>            Plaintiff,<br><br>  v.<br><br>NOVO NORDISK A/S and<br>NOVO NORDISK INC.,<br><br>            Defendants. | Case No.: 3:24-cv-11384-ZNQ-RLS<br><br>Civil Action<br><br>Judge Zahid N. Quraishi<br>Magistrate Judge Rukhsanah L. Singh |

## RULE 502(d) ORDER

**AND NOW**, this **3d** day of **July 2025**, The Court hereby enters the following Order regarding Rule 502(d):

1. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), the production or disclosure in this action of any discovery material is not a waiver or forfeiture in whole or in part—in this or any other state or federal proceeding—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the produced or disclosed material or its subject matter.

2. If a Producing Party notifies a Receiving Party of the production or disclosure of discovery material that should not have been produced or disclosed based on privilege or work product protection ("Disclosed Information"), the Receiving Party shall, within 14 days of receipt of the notification: (i) return or destroy (or, for ESI, delete) all copies of such information (including all notes or other work product of the Receiving Party reflecting the contents of the Disclosed Information) within their possession, custody, or control—and instruct experts,

consultants, or others to whom the Disclosed Information was provided that all copies must be destroyed; and (ii) provide a certification of counsel that all such Disclosed Information has been returned or destroyed.

3. If, having been notified of Disclosed Information as provided in paragraph 2, the Receiving Party contests the claim of privilege or work product protection, the Receiving Party must meet and confer with the Producing Party within 14 days of receipt of the notice of disclosure, unless otherwise agreed. If the Parties fail to agree after conferring, the Receiving Party may— within 14 days of the meet and confer—move the Court for an order ruling on the issue of privilege. The Receiving Party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on, or refer to any of the Disclosed Information in its motion. Pending resolution of the motion, the Receiving Party must not use or disclose the challenged Disclosed Information for any purpose in the litigation or otherwise. Nothing in this paragraph shall limit the right of any Party to petition the Court for an in-camera review of the Disclosed Information.

4. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged or protected information before production.

BY THE COURT:

/s/ Rukhsanah L. Singh
Rukhsanah L. Singh
United States Magistrate Judge